**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-CV-24050-LEIBOWITZ/AUGUSTIN-BIRCH**

DEBRA CALLOWAY,

      Plaintiff,

v.

CARNIVAL CORPORATION,

      Defendant.

                                       /

**ORDER DENYING PLAINTIFF'S EMERGENCY
MOTION TO COMPEL THIS SUNDAY'S INSPECTION**

The Honorable David S. Leibowitz, United States District Judge, referred discovery matters in this case to the undersigned United States Magistrate Judge. DE 15 at 3. The case now comes before the Court on Plaintiff Debra Calloway's Emergency Motion to Compel This Sunday's Inspection. DE 27. Because Plaintiff filed the Motion as an emergency and seeks its resolution before this coming Sunday, April 12, 2026, the Court ordered Defendant Carnival Corporation to file an expedited Response. DE 28. Defendant subsequently filed its Response, and Plaintiff filed a Reply. DE 29; DE 30. The Court has carefully reviewed the parties' briefing and the record and is fully advised in the premises.

Plaintiff asks the Court to compel Defendant to make the gangway that is the subject of this case available to Plaintiff and her expert for inspection at 11:00 a.m. on April 12 at Port Canaveral. Plaintiff's and Defendant's counsel previously agreed to the inspection occurring at that time. However, Defendant's counsel subsequently learned that, if the inspection occurs at that time, it will delay passenger and luggage boarding and could delay the cruise ship's scheduled

departure from the port.  Plaintiff nevertheless asks the Court to order the inspection to occur at 11:00 a.m. on April 12 at Port Canaveral, with the gangway made available for the inspection for 1.5 hours.

Defendant argues in its Response that Plaintiff never served a request for the inspection as required under Federal Rule of Civil Procedure 34.  But in any event, Defendant offers to make the gangway available for inspection between 9:00 and 9:30 a.m. on April 12, which is "a brief window [of time] in between disembarkation of the previous cruise's passengers and the embarkation of the passengers for the new cruise."  DE 29 at 3.  Defendant states that, although an inspection at that time will be somewhat disruptive, it will allow the cruise ship to depart as scheduled.  Defendant offers in the alternative to confer with Plaintiff to arrange a different date and time for the inspection.

Plaintiff reiterates in her Reply that the parties previously agreed to the inspection at 11:00 a.m. on April 12, and she asserts that Defendant never raised as an issue the lack of a formal request for inspection under Rule 34.  Plaintiff offers that, if an 11:00 a.m. inspection presents logistical concerns, the inspection can instead occur at 8:00 a.m.  But based on Defendant's Response, the Court infers that an 8:00 a.m. inspection would delay the "disembarkation of the previous cruise's passengers."  *Id.*

Defendant should have ascertained before the eve of the inspection whether 11:00 a.m. is a feasible time.  But as the Court trusts Plaintiff can understand, the Court is unwilling to order an inspection that could delay the start of a cruise for an entire ship full of passengers.  Plaintiff's Emergency Motion to Compel This Sunday's Inspection [DE 27] is **DENIED**.  Plaintiff is free to accept Defendant's offer of an inspection between 9:00 and 9:30 a.m. on April 12.  Alternatively, the parties may mutually agree to an inspection on a different date and time.  If the parties cannot

come to a mutual agreement, they must follow the Order Setting Discovery Procedures [DE 16] to present the dispute to the Court.

   **DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 10th day of April, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE